## The State *against* James Hutchinson.

### CERTIORARI.

If the proceedings in a matter of road are removed into the Supreme Court, and an objection is there taken, that the surveyors did not take the oath prescribed by law; unless it appears in some way either upon the face of the affidavit or otherwise, that the person before whom the oath was taken, was a justice of the peace, the proceedings will be set aside.

In order to prove the oaths of office of the surveyors, it is not necessary to produce the original oaths which are filed with the clerk of the township; it is sufficient to produce copies proved to be true copies

This was a *certiorari* to the Court of Common Pleas of the county of Middlesex, to remove the proceedings in a matter of road, which had been ordered by that court to be recorded. On the return of the *certiorari* a rule to take affidavits was applied for on behalf of the prosecutor of the *certiorari*, and obtained. Under this rule several witnesses were examined, two of whom proved that certain papers shown to them (and returned with the depositions) were true copies of the oaths of the surveyors, remaining in the office of the clerk of the township.

---

State *v.* Hutchinson.

---

*W. Halsted,* for the prosecutor of the *certiorari,* relied upon several reasons for setting aside the proceedings, and among others, because it did not appear that the surveyors had taken the oath of office, which they are required by the statute incorporating townships (*Rev. Law* 343, *sec.* 19,) to take before some justice of the peace residing in or near the township. The oath which was taken was as follows, *viz.*

"I, A. B., do solemnly and sincerely promise and swear, that I will in all things, to the best of my knowledge and understanding, well and faithfully execute the office of a surveyor of the highways, without favor or partiality.

(signed)　　　　　　　　　　　　　　A. B.

Sworn before me this 10th April, 1826.

WM. TINDALL."

This oath, he contended was defective : 1. Because it did not appear upon the face of the affidavit *where* it was taken; there was no *county* or place mentioned in any part of it. It was essential to its validity, that the jurat should state the place where it was sworn.   3 *Maul. & Sel.* 493 ; 1 *Bur. Trial* 97–8.   The statute, *Rev. Laws* 343, *sec.* 19, required the oath to be taken before some justice residing in or near the township in which the surveyors were appointed. But it did not appear upon the face of the affidavit or elsewhere, that it was taken before a justice who resided even within the county. It might have been (for anything that appeared) taken in another state.

2. The affidavit was defective, because it did not appear to have been taken before a *justice.* The person before whom it was taken, signed his name William Tindall, but did not annex to his name the words, "justice of the peace," or J. P., or any abbreviation whatever to designate his office, nor was there anything in the proceedings or evidence to shew that William Tindall, before whom the oath was taken, was a justice of the peace.

State v. Hutchinson.

*Hamilton*, contra, objected to copies of the oaths of the surveyors being received in evidence, and insisted that the original oaths ought to be produced.

Then contended, 1. That in as much as the oaths of the surveyors followed precisely the form of the oaths given in the statute, they were sufficient.

2. That justices of the peace being officers appointed by the joint meeting, and commissioned by the governor, this court would take judicial notice of the appointment of William Tindall as a justice of the peace for the county of Middlesex; and if the court would notice this fact, then, as every officer was presumed to do his duty, they would presume that the oath was taken within the county of Middlesex, and not out of his county.

The Chief Justice delivered the opinion of the court.

One of the reasons assigned for setting aside the return and proceedings in this case is, that two of the persons who acted as surveyors and signed the return, had not taken, subscribed, and filed the oath of office as required by law.

The oaths of office of these persons are in the form set forth in the act of the legislature regulating the subject. They are subscribed by each of them respectively. The *jurat* of each is in the following words : " Sworn and subscribed this 10th day of April, 1826, before me, William Tindall." The act above mentioned directs that the person elected shall, before he enters upon the execution of the office, take and subscribe an oath or affirmation before some justice of the peace residing in or near the said township. A neglect or refusal to take, subscribe, and file such oath or affirmation within the time prescribed, is declared a refusal to serve, and the person appointed is unauthorized to discharge the duties of the office. It does not in any wise appear to us that the person before whom the oaths in question purport to have been made, was a justice, or that they

were taken before him in that capacity. The papers as filed with the town clerk do not set out in the *jurat*, or in any other place, that he was a justice of the peace; neither in words at length, nor by the accustomed abbreviations, nor by any reference whatever. It is not shewn to us that he was, at or about the time of taking the oaths, in the performance of official acts; and if indeed he was appointed by the joint meeting a justice, we are not to take judicial notice of the appointment, or that he accepted the commission and acted under it.

We are referred, by the counsel of the defendant, to the 20th section of the act respecting townships, which directs that the justice of the peace before whom the oath or affirmation is taken, shall certify under the said writing the day and year when taken, and subscribe his name thereto. All this, however, it will be observed, is to be done by a justice of the peace; and hence the objection retains all its force. For it is not asserted or shewn in the slightest degree, by any evidence, either within or without the papers, that the person who has made the certificates and signed his name, was a justice of the peace.

On the argument, the defendant's counsel resisted the evidence produced of these oaths of office; the originals, it was urged, instead of copies, should have been exhibited here. The original oaths are directed by law to be delivered to the clerk of the township, to be filed. The papers produced are proved by the affidavit of the clerk for the current year, to be true copies of the oaths of office of the surveyors chosen in the year 1826, remaining in his hands as clerk, and delivered to him as such by his predecessor in that office. They are also proved by the affidavit of the preceding clerk, to be true copies of the oaths of office of the surveyors of that year, delivered as such to him as town clerk, and by him delivered to his successor, and that no other papers were delivered to him as oaths of office of sur-

veyors for that year. Such sworn copies were competent evidence without the production of the originals. 1 *Starkie Ev.* 156.

The reason assigned for setting aside the return and proceedings, is, in our opinion, sustained in law and fact.